**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| KEENO NICHOLOS ROWE, | : | Case No. 1:26-cv-492 |
| | : | |
| Petitioner, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| BEAU SNEDDON, Warden, Butler County Jail, et al., | : | |
| | : | |
| Respondents. | | |

---

## ORDER AND OPINION

---

This matter is before the Court sua sponte following the parties' filing of a Joint Status Report (Doc. 9). For the reasons explained below, the Petition (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** and Petitioner's Motion for Temporary Restraining Order (Doc. 5) is **DENIED AS MOOT**.

## BACKGROUND

Petitioner Keeno Nicholos Rowe is a Jamaican national who has been residing in the United States since February 26, 2021. (Petition, Doc. 1, ¶ 13.) Petitioner was detained by Immigration and Customs Enforcement ("ICE") for being present in the United States for a time longer than permitted. (*Id.* at ¶ 14.) Petitioner is married to a United States citizen and alleges that he is a victim of domestic violence. (*Id.* at ¶ 15.) Accordingly, he claims that he is entitled to relief under the Violence Against Women Act ("VAWA"); he also claims that he received a prima facie determination that his VAWA petition is viable.

(*Id.* at ¶¶ 15-16, 20.) If he were eligible under the VAWA for adjustment of status, then he would have a "viable and realistic pathway toward lawful immigration status." (*Id.* at ¶ 17.) It is under this theory of potential relief that Petitioner brings his claim; additionally, he seeks release from detention so that has a "meaningful opportunity to prepare and present claims for relief in removal proceedings." (*Id.* at ¶ 37.) Put differently, Petitioner opposes his detention under 8 U.S.C. § 1226(a) because the immigration judge "failed to adequately consider Petitioner's prima facie VAWA determination [and] eligibility for adjustment of status," while Petitioner maintains that he "possesses a viable pathway toward lawful permanent resident status." (*Id.* at ¶ 47.)

However, in the Joint Status Report filed on July 23, 2026, the parties indicated that the immigration court ordered Petitioner removed on July 17, 2026. (Joint Status Report, Doc. 9.) Respondents contend that this action moots Petitioner's claim for relief, while Petitioner disagrees. (*Id.*)

**LAW & ANALYSIS**

The Court's analysis begins and ends with the issue of mootness. Article III of the U.S. Constitution "requires the existence of a case or controversy through all stages of federal judicial proceedings." *Tripp v. Rardin*, No. 25-CV-13278, 2026 WL 993975, at *1. "If a postfiling event deprives the court of the ability to provide meaningful relief, then the case becomes moot and is subject to dismissal." *Inniss v. Hemingway*, 657 F. Supp.3d 986, 988 (E.D. Mich. 2023). And, because it "strikes at the heart of federal court jurisdiction, mootness of a habeas petition can be raised sua sponte by the federal court, even if the

issue is not addressed by the parties." *Tripp,* 2026 WL 993975, at *1 (citing *Brock v. U.S. Dep't of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007)).

Here, Petitioner's requested relief centers on his potential pathway to legal status under the VAWA; he claimed that detention was wrong because the immigration judge ignored "favorable evidence" of his apparent eligibility for humanitarian immigration relief. (*See* Petition, Doc. 1, ¶ 20.) Additionally, he sought release so that he could adequately prepare for his removal hearing. (*Id.* at ¶¶ 40-42.) First, because his removal hearing is complete, the reason for his release—to prepare for this hearing—no longer holds water. More importantly, though, circumstances have now changed. Petitioner is no longer detained pursuant to 8 U.S.C. § 1226(a); the immigration court ordered him removed, so his detention is pursuant to 8 U.S.C. § 1231. (*See* Joint Status Report, Doc. 9.) Accordingly, as Petitioner "is no longer awaiting a decision on his removal [...] his challenge to detention under 8 § 1226(a) is moot." *Boutinkhar v. U.S. Immigration and Customs Enforcement,* No. 4:25-CV-2802, 2026 WL 1166493, at *1 (N.D. Ohio Apr. 29, 2026).

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** as moot;

2) Petitioner's Motion for Temporary Restraining Order (Doc. 5) is **DENIED AS MOOT**; and

3) This matter is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland

JUDGE MATTHEW W. McFARLAND